```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**THI DINH BUI, #A#74461225**

                **Petitioner,**

**v.**                                                  **2:05CV450**

**MARY F. LOISELLE, Field Office Director**
**for Detention and Removal Operations,**
**Immigration and Customs Enforcement (ICE),**

                **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

Petitioner is a Vietnamese national, who was admitted to the United States in or about 1994. On April 27, 2004, petitioner was ordered removed from the United States. However, neither the petition, the respondent, nor the exhibits attached to respondent's answer indicates why petitioner was in ICE custody and why he was ordered removed.

On August 2, 2005, petitioner filed a petition for writ of habeas corpus in federal court, and on December 1, 2005, respondent filed an answer to the petition. This matter is now ripe for consideration.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   Petitioner's Claim is Moot.

On April 27, 2004, an immigration judge ordered that petitioner be removed to Vietnam.  However, the government of Vietnam advised the Department of Homeland Security that petitioner would not be accepted in Vietnam.  Therefore, on October 24, 2005, petitioner was advised by ICE that since his removal to Vietnam was not possible, arrangements were being made for his removal to an "undesignated country, specifically the Republic of the Marshall Islands," which was willing to accept petitioner.  On that same date, petitioner signed the notice, indicating that he did "not wish to request deferral of removal to the Republic of the Marshall Islands."  (Ans., Ex. B at 2.)  Accordingly, on November 7, 2005, petitioner was, in fact, deported to the Republic of the Marshall Islands.

Petitioner contests only that he was detained beyond the statutory removal period; he does not challenge the legality of his conviction or the removal order.  Since petitioner is not in custody, the issues presented in his petition "are no longer 'live,'" and petitioner lacks a "legally cognizable interest in the outcome." U.S. Parole Comm'n v. Garraghty, 445 U.S. 388, 396 (1980).  Petitioner's claim is MOOT, and, therefore, the petition should be DISMISSED.

## III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b)

of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); Fed.R.Civ.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                        **/s/**
                                 **James E. Bradberry**
                                 **United States Magistrate Judge**

**Norfolk, Virginia**

   **February 28**   , **2006**

3

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to petitioner, at his last known address, and to the respondent.

    Thu Dinh Bui, A#74461225, <u>pro</u> <u>se</u>
    Piedmont Detainee Center
    P.O. Box 488
    Farmville, VA  23901

    Kent P. Porter, Esq.
    Assistant United States Attorney
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, VA 23510

                              Elizabeth H. Paret, Clerk

                              By _____
                                    Deputy Clerk

                         _____, 2006